UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA STRADINGER; individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>PROSPECT MEDICAL HOLDINGS, INC., and DOES 1- 10,<br><br>Defendants. | Case No.:  2:23-cv-08284-SB-SSC<br>*and related cases numbered*<br>　　　　2:23-cv-08325-SB-SSC<br>　　　　2:23-cv-08331-SB-SSC<br>　　　　2:23-cv-08312-SB-SSC<br>　　　　8:23-cv-01869-SB-SSC<br>　　　　2:23-cv-08701-SB-SSC<br>　　　　2:23-cv-09508-SB-SSC<br><br>ORDER GRANTING STIPULATION TO CONSOLIDATE [DKT. NO. 16]<br><br>JUDGE: Hon. Stanley Blumenfeld, Jr. |

1

This matter comes before the Court on the Parties Stipulation to Consolidate Related Cases (the "Stipulation").

WHEREAS, the Plaintiffs in the following six related cases pending in this District: *Joshua Stradinger v. Prospect Medical Holdings, Inc., et al.*, No. 2:23-cv-08284-SB-SSC ("*Stradinger*"); *Mario Robles v. Prospect Medical Holdings, Inc.*, No. 2:23-cv-08312-SB-SSC ("*Robles*"); *Laura Doverspike v. Prospect Medical Holdings, Inc., et al.*, No. 2:23-cv-08325-SB-SSC ("*Doverspike*"); *Rodney Hoggro v. Prospect Medical Holdings, Inc.*, No. 2:23-cv-08331-SB-SSC ("*Hoggro*"); *Yolanda Boyle v. Prospect Medical Holdings, Inc.*, No. 8:23-cv-01869-SB-SSC ("*Boyle*") and *Jay Goldstein v. Prospect Medical Holdings, Inc.*, No. 2:23-cv-08701-SB-SSC ("*Goldstein*")  (collectively, the "Related Cases"), and Defendant Prospect Medical Holdings, Inc. ("Defendant) (together with Plaintiffs, the "Parties"), agree that these cases, as well as any subsequently filed or transferred related cases should be consolidated under the low-numbered *Stradinger* case, No. 2:23-cv-08284-SB-SSC pursuant to Federal Rule of Civil Procedure 42(a);

WHEREAS, the Plaintiff in *Latoya Pratcher v. Prospect Medical Holdings Inc. et al.*, No. 2:23-cv-09508-SB-SSC does not agree that the case should be consolidated unless the Plaintiff chooses not to file a motion to remand by December 8, 2024, in which case the Plaintiff agrees to consolidation; and

WHEREAS, the complaints in the Related Cases relate to the same, common factual allegations and legal theories. The Related Cases assert multiple common causes of action against the common Defendant relating to the same factual underpinnings related to the same alleged data breach underlying this litigation and seek the same relief in response to the same event; the Related Cases commonly seek certification of an overlapping class definitions and allege that class members suffered harm as a result of Defendant's alleged failure to properly secure and protect Plaintiffs' and class members' personally identifiable information ("PII")

from foreseeable cyber threats, resulting in the theft and dissemination of their PII on the dark web.

The Stipulation is hereby **GRANTED**.

Accordingly, the Court **ORDERS** as follows:

1. The Related Cases are consolidated for all purposes (the "Consolidated Action") pursuant to Fed. R. Civ. P. 42(a).

2. To ensure consistent and efficient adjudications in this Court, the "Consolidated Action" will bear Lead Case No. 2:23-cv-08284-SB-SSC, the number assigned to the first-filed case and reflect the following caption:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| IN RE PROSPECT MEDICAL HOLDINGS, INC. DATA BREACH | Lead Case No. 2:23-cv-08284-SB-SSC |
|---|---|
| This Document Relates To: | |

3. The case file for the Consolidated Action will be maintained under Lead Case No. 2:23-cv-08284-SB-SSC (the "Lead Case"). When a pleading is intended to apply to all actions to which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption described above. When a pleading is not intended to apply to all actions, the docket number for each individual action to which the paper is intended to apply and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption identified above, e.g., "2:23-cv-08284-SB-SSC (*Stradinger*)."

4. The Parties shall file a Notice of Related Cases whenever required by the Local Rules.

5.  If the Court determines that the case is related, the clerk shall:

    a) Place a copy of this Order in the separate file for such action;

    b) Serve on Plaintiffs' counsel in the new case a copy of this Order;

    c) Direct that this Order be served upon Defendant(s) in the new case; and

    d) Make appropriate entry in the Lead Case's docket.

6.  Any attorney who has filed an action in this litigation may file an application for appointment as Interim Class Counsel or other designated counsel either individually or as part of a proposed leadership structure. All applications should be limited to 10 pages, not including any supporting evidence, and e-filed in Lead Case No. 2:23-cv-08284-SB-SSC within seven days after the date the Court enters a Consolidation Order.

7.  Plaintiffs shall file a Consolidated Complaint no later than seven days following the entry of an order appointing Interim Class Counsel, which shall be the operative complaint in the Consolidated Action and shall supersede all previous complaints filed in any of the Related Cases.

8.  Any response to the Consolidated Complaint shall be due within 14 days from the filing of the Consolidated Complaint. All prior response deadlines are vacated. In the event Defendants intend to file one or more motions to dismiss, the Parties will comply with Local Civil Rules 7-3 through 7-10.

9.  Defendant's deadlines to respond to the complaints currently pending in each of the Related Cases are held in abeyance until after the Consolidated Complaint is filed.

10. This Order shall apply to the above-listed Related Cases and any subsequently consolidated action.

11. Any subsequently appointed Interim Co-Lead Counsel and/or Liaison Counsel must serve a copy of this Order and all future orders promptly by

overnight delivery service, facsimile, or other expeditious electronic means on counsel for plaintiffs in any related case to the extent that Interim Co-Lead Counsel and/or Liaison Counsel are aware of any such action(s) and on all attorneys for Plaintiffs whose cases may subsequently be consolidated with the above actions but who have not yet registered for ECF.

  12. This Order shall not apply to *Latoya Pratcher v. Prospect Medical Holdings Inc. et al.*, No. 2:23-cv-09508-SB-SSC.  If Plaintiff in *Pratcher* does not file a motion to remand by December 8, 2023, or if this Court denies any such filed motion, then *Pratcher* shall become a Related Case, consolidated by operation of this Order and without further action from the Court.

IT IS SO ORDERED.

DATED: December 1, 2023    
             STANLEY BLUMENFELD, JR.
             UNITED STATES DISTRICT JUDGE